People v Montgomery (2022 NY Slip Op 02691)

People v Montgomery

2022 NY Slip Op 02691

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

302 KA 20-01438

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH MONTGOMERY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ERIC SUN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered August 13, 2020. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and, in appeal No. 2, he appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (§ 120.05 [7]). In both appeals, defendant contends that his waivers of the right to appeal are invalid and that the sentences are unduly harsh and severe. Even assuming, arguendo, that defendant's waivers of the right to appeal from the judgments are invalid (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus do not preclude our review of his challenge to the severity of his sentences (see People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude in each appeal that the sentence is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court